UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN M. HUNNICUTT,

    Plaintiff,

vs.                                Case No.:

CACH, LLC, LAW OFFICES OF
HAROLD E. SCHERR, P.A., and
ALEX MCCLURE,

    Defendants,
_____/

## COMPLAINT and JURY TRIAL DEMAND

### INTRODUCTION

1.    This is an action for damages brought by Plaintiff, STEVEN M. HUNNICUTT, an individual consumer against the Defendants, CACH, LLC., a foreign limited liability corporation, LAW OFFICES OF HAROLD E. SCHERR, P.A., a Florida corporation, and ALEX MCCLURE, individually, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides in Polk County, Florida and the various Defendants do business in this District.

## PARTIES

3. Plaintiff, STEVEN M. HUNNICUTT (hereinafter referred to as "Plaintiff" or "HUNNICUTT") is a natural person and citizen of the State of Florida residing in Polk County, Florida.

4. Defendant, CACH, LLC. (hereinafter referred to as "CACH"), is believed to be a foreign limited liability company registered in the State of Florida operating from an address of 4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant, LAW OFFICES OF HAROLD E. SCHERR, P.A., (hereinafter referred to as "SCHERR") is a Florida corporation engaged in the practice of debt collection, with its principal place of business located at 1064 Greenwood Boulevard, Suite 328, Lake Mary, Florida 32746.

6. Defendant, ALEX MCCLURE, ("MCCLURE") is a natural person and a member of The Florida Bar presently practicing law from offices which are located at 1064 Greenwood Boulevard, Suite 328, Lake Mary, Florida 32746.

7. SCHERR is liable for the actions of MCCLURE.

8. CACH is liable for the actions of SCHERR and MCCLURE.

9. SCHERR executed and filed a complaint on behalf of CACH, which is the subject matter of the instant lawsuit.

10. MCCLURE provided legal representation for CACH at the direction of SCHERR (hereinafter referred to as collectively as "Defendants", unless otherwise noted), during the course of the subject matter of the instant lawsuit.

11. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

12. Defendants regularly collect or attempt to collect consumer debts from other parties. Defendants are "debt collectors" as that term is defined in the FDCPA.

13. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

14. Defendants sought to collect an alleged consumer debt from Plaintiff arising from a credit card agreement entered into by Plaintiff for personal, family or household purposes.

15. On August 14, 2009, Defendants filed a law suit in Polk County, Florida against HUNNICUTT seeking to collect an alleged debt of $2,610.44 dollars (hereinafter referred to as "the State Court Suit"). In the State Court Suit Complaint, Defendants requested and presented various counts against HUNNICUTT for breach of contract, account stated, unjust enrichment and open account, and a claim for attorney's fees and costs. A true copy of the State Court Suit Complaint is attached hereto and marked as Exhibit "A".

16. In the State Court Suit Complaint, Defendants alleged that HUNNICUTT had defaulted on a credit card agreement which was marked and attached to the State Court Suit Complaint as Exhibit "A". Defendants claimed that Exhibit "A" to the State Court Suit Complaint to be an exemplary copy of the original card member agreement or credit card account agreement between Plaintiff and the original creditor. In the State Court Suit Complaint, Defendants requested a judgment against Plaintiff for non-payment of the alleged credit card debt and for attorney's fees and costs based on the original card member agreement or credit card account agreement which was attached and marked as Exhibit "A".

17. During the State Court Suit Plaintiff propounded discovery to Defendant, CACH in the form of interrogatories. As to the specific issue regarding Defendant, CACH's claim for attorney fees, Interrogatory Number 10 provides as follows:

> *What is the factual basis of your claim for attorney's fees alleged in your COMPLAINT/STATEMENT OF CLAIM?*

In the response which was filed on October 6, 2009 by Defendant, CACH to Interrogatory Number 10, Defendant, CACH stated:

> *Plaintiff [Now noted as Defendant, CACH] objects to Interrogatory No. 10 to the extent that it seeks information that is protected by the attorney client privilege and the work product doctrine. Moreover, plaintiff [Now noted as Defendant, CACH] objects to this request on the basis that it calls for conclusions of law: See Salazar v. Valle, 360 So. 2d 132, 134 (Fla. 3d DCA 1978). Subject to the foregoing and without waiving same, Plaintiff [Now noted as Defendant, CACH] states that its claim to attorney's fees is founded within the card member agreement, a copy of which is attached to the complaint.*

18. Interrogatory Number 12 stated:

> *For each agreement you contend was offered to and accepted by the Defendant, including but not limited to the original account agreement, any amendment to the agreement, any notice of a change in any term of the agreement, or any schedule of interest rates or fees applicable to the account, explain how the agreement was offered to and accepted by the Defendant.*

In the response filed by Defendant, CACH to Interrogatory Number 12, Defendant, CACH stated:

> *Plaintiff objects as the request seeks to discover documentation that is or should be within the possession of the Defendant. In addition, Plaintiff is without sufficient knowledge, information, or belief as to those documents sent to the Defendant by the original creditor, including but not limited to amendments, supplements and changes to card member agreements, if any, prior to its purchase of the account. Subject to the foregoing objections and without waiving same, Plaintiff produces a coy of a card member agreement. Plaintiff reserves the right to supplement this response if and upon discovering additional documentation responsive to this request.*

19. Interrogatory Number 15 stated:

> *For each document you have produced that you contend applies to the account does not contain the Defendant's identifying information, such as the Defendant's name, social security number, account number, or signature, and that was created by someone other than you, identify the source of the document by stating the date you obtained the document and identifying the person whom you obtained the document.*

In the response filed by Defendant, CACH to Interrogatory Number 15, Defendant, CACH stated:

> *Plaintiff would state that it received the copy of the card member agreement in the ordinary course of business when it purchased the account from the original creditor.*

A true copy of Defendant's First Set of Interrogatories to Plaintiff and Plaintiff's Response to Defendant's First Set of Interrogatories filed in the State Court Suit is attached hereto and marked as Composite Exhibit "B"

20. During the State Court Suit, Plaintiff propounded discovery to Defendant, CACH in the form of a request to produce. As to the issues raised in this Complaint, Plaintiff requested Defendant, CACH to produce in request number 1 the following:

> *Any and all documents or records in the possession or control of the Plaintiff which Plaintiff claims are in any way relevant to the subject matter of the instant lawsuit.*

In the response dated October 6, 2009 filed by Defendant, CACH as to request number 1, Defendant, CACH stated:

> *Plaintiff produces a copy of a card member agreement, copies of monthly billing statements and a copy of an affidavit of sale for the subject account.*

A review of the State Court Suit file will indicate that the card member agreement produced was a copy of the card member agreement which was previously noted to be attached to the State Court Suit Complaint as Exhibit "A".

21. Request to Produce item number 4 provided:

*All exhibits which Plaintiff proposes or intends to introduce at trial.*

In the response filed by Defendant, CACH as to request number 4, Defendant, CACH stated:

*Please refer to the documents produced in response to Request for Production #1, above.*

A review of the State Court Suit file will indicate that the card member agreement produced was a copy of the card member agreement which was previously noted to be attached to the State Court Suit Complaint as Exhibit "A".

22. Request to Produce item number 25 provided

*For each agreement, amendment to an agreement, or notice of change to the terms of the account you contend was offered to and accepted by the Defendant, please produce every document that evidences such offer or acceptance.*

In the response filed by Defendant, CACH as to request number 25, Defendant, CACH stated:

*Objection, the request is overly broad, unduly burdensome, and irrelevant and not reasonably calculated to led to the discovery of admissible evidence as it relates to the Defendant's liability for the debt that forms the basis of this action. Plaintiff further objects as the request seeks to discover documentation that is or should be within the possession of the Defendant. In addition, Plaintiff is without sufficient knowledge, information, or belief as to those documents sent to the Defendant by the original creditor, including but not limited to amendments, supplements and changes to card member agreements, if any, prior to its purchase of the account. Subject to the foregoing objections and without waiving same, Plaintiff produces a coy of a card member agreement. Plaintiff reserves the right to supplement this response if and upon discovering additional documentation responsive to this request.*

A review of the State Court Suit file will indicate that the card member agreement produced was a copy of the card member agreement which was previously noted to be attached to the State Court Suit Complaint as Exhibit "A". A true copy of Defendant's Request to

Produce to Plaintiff and Plaintiff's Response to Defendant's First Request to Produce filed in the State Court Suit is attached hereto and marked as Composite Exhibit "C"

23. At final hearing in the State Court Suit held on November 3, 2009, on Defendant, CACH's Complaint counsel for Defendant, CACH presented its various claims and requested a judgment against HUNNICUTT for the amounts due pursuant to the credit card agreement including attorney's fees and costs. Midway through the State Court Suit final hearing, counsel for Defendant, CACH orally announced to the court that Defendant, CACH was voluntarily dismissing the pending State Court Suit claims. A notice of voluntary dismissal was filed in the State Court Suit on November 23, 2009.

24. HUNNICUTT, in the State Court Suit, filed a motion for attorney's fees and costs within the time periods required by state court rule.

25. On or about March 11, 2010, counsel for HUNNICUTT submitted discovery to Defendant, CACH in the form of Attorney's Fees Entitlement Second Request for Admissions. Admission request number 4 and 5 stated:

> *4. The credit card agreement from which the debt alleged in the complaint arose contained an attorney's fees provision.*
>
> *5. The attorney's fees provision in the credit card agreement from which the debt alleged in the complaint arose, granted the other party (not Defendant) the right to collect attorney's fees if it had to sue Defendant to collect a debt arising from the use of the credit card.*

Defendant, CACH, through SCHERR and MCCLURE, filed a response dated April 6, 2010 by denying admission number 4 and by denying admission number 5. A true copy of Defendant's Second Request for Admissions and Plaintiff's Response to Defendant's Second Request for Admissions is attached hereto and marked as Composite Exhibit "D"

26. In response to the motion for attorney's fees and costs, counsel for Defendant, CACH stated as follows:

> *Even after the discovery process, Defendant failed to provide a copy of any agreement between the parties which may or may not have differed from the agreement which Plaintiff attached to its Statement of Claim. Therefore, Defendant's claim to attorney's fees pursuant to Section 57.105(7) should be denied as Defendant has failed to establish the existence of a valid contract between the parties which contains a provision for attorney's fees as required by the statutes.*

27. Hearing in the State Court Suit was held on June 1, 2010, on the pending motion for attorney's fees and costs. The claim for attorney's fees was denied by order entered in the State Court Suit on June 22, 2010. A true copy of the Order Denying In Part and Granting In Part Defendant's Motion for Attorney's Fee's and Costs is attached hereto and marked as Composite Exhibit "E".

28. Plaintiff has incurred legal fees in defending the claims presented in the State Court Suit.

## COUNT I
### UNLAWFUL LITIGATION TO COLLECT A CLAIM NOT AUTHORIZED BY AGREEMENT OR BY LAW

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendants violated the Fair Debt Collection Practices Act (FDCPA) by litigating to collect a claim that was not expressly authorized by the agreement creating the debt or permitted by law. As such, Defendants have collectively violated 5 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f(1).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages, including attorney's fees incurred during the State Court Suit;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

F. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 21st day of September 2010.

DICESARE, DAVIDSON, & BARKER, P.A.

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff