**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEVEN M. HUNNICUTT,**

    **Plaintiff,**

v.                                                          Case No.  8:10-cv-2111-T-30TBM

**CACH, LLC, LAW OFFICE OF HAROLD**
**E. SCHERR, PA, and ALEX MCCLURE,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment (Dkt. 15), Plaintiff's Response in opposition (Dkt. 18), and Defendants' Reply in support of their motion (Dkt. 21).  The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted.

Plaintiff Steven M. Hunnicutt filed this action on September 22, 2010, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff alleges Defendants violated §§ 1692d, 1692e, and 1692f(1) of the FDCPA by litigating to collect a claim that was not expressly authorized by the agreement creating the debt or permitted by law.

Defendants filed a lawsuit in Polk County, Florida, against Hunnicutt, in which Defendants alleged that Hunnicutt had defaulted on a credit card agreement.  Defendants

sought to recover an alleged debt owed due to the default. Defendants also requested attorney's fees and costs as part of their damages.

Plaintiff here alleges that the request for attorneys fees was not authorized by the credit card agreement or by a statute and thus violated the FDCPA. Defendants now move for summary judgment arguing, among other things, that Plaintiff's claim is barred by the statute of limitations.

An action brought under the FDCPA must be brought within one year of the alleged violation. 15 U.S.C. § 1692k(d). Defendants contend that the alleged violation occurred upon the filing of the complaint in the state court collection case. The complaint in that case was filed on August 14, 2009. Given that the instant complaint was filed on September 22, 2010, the Plaintiff concedes that statute of limitations period has run as to the alleged violation of filing the state court collection action.

Plaintiff, however, argues that there was another, independent violation on November 23, 2009, "when at trial in the state court collection case, Defendants' representative made a clear and unequivocal presentation and request to the state judge for a claim for attorney's fees, and proceed[ed] to litigate same." Dkt. 18, p. 6. In support of this claim, Plaintiff cites to a case from the Southern District of Ohio apparently for the contention that separate actionable events may arise following the filing of the collection action. *See Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783 (S.D. Ohio 2006). In *Foster*, the Court observed that certain activities that occur after the filing of an erroneous collection action may constitute separate actionable offenses. *Id.* at 799. But the Court was referring to activities that took

place after a judgment was entered in the collection action in favor of the debt collector, such as attempting to collect on an invalid judgment or garnishing wages. *Id.*

A statement made during the course of the litigation of the collection action, however, is not a separate actionable event that starts the limitations clock running anew.[1] Plaintiff's FDCPA claim is therefore barred by the one year statute of limitations.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for Summary Judgment (Dkt. 15) is GRANTED.

2. The Clerk is directed to enter judgment in favor of Defendants Cach, LLC, Law Offices of Harold E. Scherr, P.A., and Alex McClure, and against Plaintiff Steven M. Hunnicutt.

3. The Clerk is further directed to terminate any pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2111.msj 15.frm

---

[1] The Court deems it unnecessary to explore the issue of privilege for statements made during the course of litigation.